IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JOHN HORNBUCKLE<br><br>v.<br><br>UNITED STATES OF AMERICA | Civ. 5:24-cv-8006<br>Crim. 22-cr-78 |

### UNITED STATES' MOTION TO EXTEND THE DEADLINE TO ANSWER AND ORDER PRODUCTION OF EVIDENCE

Last year, John Hornbuckle filed a motion to vacate his sentence under 28 U.S.C. § 2255 (Civ. ECF 1).[1] Hornbuckle, proceeding *pro se*, contends that his trial counsel provided ineffective assistance at the plea stage and in failing to prepare for trial. Last week, the Court directed the United States to answer the motion within fourteen days, Civ. ECF 3—that is, by February 10. The government requests an extension of that deadline to give the government the opportunity to receive and review the "evidence" Hornbuckle cites and relies on but has not provided to the government or the Court.

### ARGUMENT

Any Section 2255 motion for relief must, among other things, specify all grounds and state the supporting facts. Rule 2(b), Rules Governing § 2255

---

[1] The government uses "Civ. ECF" to identify documents filed in this Section 2255 case, and "Crim. ECF" to identify documents filed in the underlying criminal case.

1

Proceedings. If a court so orders, the government must respond to such a motion and "address the allegations in the motion." Rule 5(b), Rules Governing § 2255 Proceedings. The Section 2255 rules grant the Court broad authority to manage the form and structure of a Section 2255 proceeding. For example, the Court may order discovery "for good cause," either under the federal rule of procedure or "in accordance with the practices and principles of law." Rule 6(a), Rules Governing § 2255 Proceedings.

Here, the Court should exercise that authority to direct Hornbuckle to produce the materials he cites and relies on in his motion but has withheld from the government. These materials fit into three categories: (1) "electronic source data evidence" that Hornbuckle says is "available" and "secured for the Courts" (Civ. ECF 1 at 8, 15, 21); (2) emails with counsel that Hornbuckle says he has withheld but would provide to the Court if directed (*id.* at 13 n.4, 32 n.11); and communications with counsel regarding the "list of witnesses" Hornbuckle says should have been interviewed because those witnesses had unspecified relevant testimony to offer (*id.* at 9, 11). The government cannot fully evaluate or respond to Hornbuckle's claims without reviewing the material that, according to Hornbuckle, supports them.

The only reason Hornbuckle gives for withholding his evidence lacks merit. Hornbuckle appears to believe his communications with counsel remain privileged.

*See* Civ. ECF 1 at 13 n.5 (citing an email as evidence of counsel's ineffective assistance but explaining that it is not attached "because it includes defense strategy information that the prosecution should not be entitled to view"). That understanding is incorrect. In asserting ineffective assistance of counsel, Hornbuckle has waived any claim of privilege as to his communications with counsel regarding strategy. *See, e.g.*, *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001) ("A party waives its attorney-client privilege when it injects into this litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct." (internal quotation marks omitted)). Hornbuckle cannot claim that his lawyers were ineffective in preparing for trial or counseling him on a plea if he is unwilling to provide evidence of his communications with those same lawyers on those same topics.

## CONCLUSION

To enable the government to respond to Hornbuckle's claims, the government requests that the Court: (1) order Hornbuckle to provide the evidence he cites and relies on to support his Section 2255 motion; and (2) extend the government's deadline to file an answer to a date twenty-one days following Hornbuckle's production of the materials described above.

                                                Respectfully submitted,

                                                PRIM F. ESCALONA
                                                United States Attorney

*/s/ John B. Ward*
JOHN B. WARD
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I certify that, on February 5, 2025, I filed this document via the CM/ECF system. I also sent a copy of this document by mail to defendant John Hornbuckle at the following address that appears in the CM/ECF system:

John Hornbuckle
Register Number 96094-509
Talladega Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1000
Talladega, AL 35160

*/s/John B. Ward*
JOHN B. WARD
Assistant United States Attorney