UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **JOHN HORNBUCKLE** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | ) Case No.: 5:24-cv-8006-LCB |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |

## ORDER

On February 5, 2025, the Government filed a motion seeking an extension of the deadline to submit its response. (Doc. 4). Additionally, it requested that the Petitioner produce specific evidence referenced in his motion, arguing that this evidence was essential for preparing a meaningful response. The Court granted the Government's motion on February 7, 2025, and ordered the Petitioner to "provide [to the government] the evidence he cites and relies on in support of his § 2255 motion…." (Doc. 5 at 2). The Court gave the Petitioner a deadline of March 10, 2025, to produce the evidence and ordered the Government to notify the Court once that evidence was received. On March 17, 2025, the Government notified the Court that it had yet to receive anything from the Petitioner.

The Government also noted that at one point, the docket reflected that the Petitioner was housed at a BOP facility in Talladega, Alabama. However, the BOP

website indicated that he was currently housed at a facility in Pensacola, Florida. The Court previously noted these multiple addresses and ordered the Petitioner on February 13, 2025, to provide the Court with a current mailing address by March 15, 2025. (Doc. 7). The Court mailed that order, as well as copies of all previous orders in the case, to the Petitioner at both the Talladega and Pensacola facilities. The orders sent to the Talladega facility were both returned as undeliverable, but the orders sent to the Pensacola facility were not. Thus, the Court presumes the Petitioner received these orders.

A district court may dismiss a movant's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and the court's inherent authority to manage its docket.[1] *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)[2]; *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (stating that a district court may *sua sponte* dismiss a case under the authority of either Rule 41(b) or the court's inherent power to manage its docket)). In particular, Rule 41(b) allows for the involuntary dismissal of a movant's claims where he has failed to prosecute those claims, comply with the Federal Rules of

---

[1] Pursuant to Rule 12 of the Rules Governing Section 2255 Cases, the Federal Rules of Civil Procedure may apply to a § 2255 motion, to the extent the Civil Rules are not inconsistent with the § 2255 Rules.

[2] In *Wabash*, the Court held a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633.

2

Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718.

Given that the Petitioner has failed to follow the Court's order that he produce to the Government evidence necessary for it to provide a meaningful response, the Court hereby **DISMISSES** this case **WITHOUT PREJUDICE**. The Clerk is directed to close this case.

**DONE** and **ORDERED** March 18, 2025.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE