UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED 

2025 APR -7  A 11: 58

U.S. DISTRICT COURT
N.D. OF ALABAMA

JOHN HORNBUCKLE

Petitioner,

V.                              Case No.: 5:24-cv-8006-LCB

UNITED STATES OF AMERICA,

Respondent,

## MOTION TO VACATE ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE

    Petitioner JOHN HORNBUCKLE request that the Court reconsider its March 18th, 2025, Order (Doc #9) dismissing the Petitioner's 2255 for "Failure to Prosecute" pursuant to Fed R. C.V.P. 41(b). The Petitioner respectfully asks the Court to consider the Rule 60(b) Motion because it heavily relies on OQUENDO, v. UNITED STATES OF AMERICA 541 Fed. Appx. 954; (11TH Cir Sept. 26th, 2013, U.S. App. LEXIS 19671 No. 12-14682). In an effort to exercise due diligence and to move the case forward, the Petitioner proactively sent evidence to the Court to support the 2255 prior to any notification or ORDER to produce evidence to the government or Court of which Petitioner never received. To this day, the Petitioner has yet to receive the Court ORDER to Produce evidence in this 2255 Case. The Petitioner has corresponded with the Court within a reasonable period of time for the Court to consider excusable neglect (Fed. R. Civ. P. 60(b)) for reconsideration of its March 18th, 2025, Order which was received by the Petitioner just days ago on Monday March 24th, 2025, at 8:00 PM at the Pensacola Federal Prison Camp. (2013 U.S. App. LEXIS 3). (541 Fed. Appx. 956).

    On Monday March 25th, 2025, at approximately 8:00 PM the Petitioner JOHN HORNBUCKLE received an ORDER for the Court to DISMISS his 2255 Case WITHOUT PREJUDICE which was DONE and ORDERED on March 18th, 2025. This ORDER states that the Court granted the Government's motion on February 7th, 2025, but the Petitioner was never notified of this Grant by the Court. Also, the Court states it ordered the Petitioner to "provide (to the government) the evidence the Petitioner cites and relies on in support of his 2255 MOTION" originally filed on March 6th 2024 and again, the Petitioner never received a mailing nor any type of service of this Order as the Petitioner eagerly awaited further instructions from the Court and or the Government. Also, the Petitioner has just recently learned that the 2255 Case and the Criminal Case has recently been reassigned from Judge L. Scott Cooglar to Judge Liles C. Burke.

The Petitioner sent two NOTIFICATIONS OF CHANGE OF ADDRESS, for his two ongoing cases, to the Court via Certified Mail prior to going into transit from Talladega Prison Camp to Pensacola Prison Camp. One was sent to Judge Scott Cooglar for this case and one to Judge Madeline Hughes Haikala for a case in her court. Both mailings went out the same day to the same address, which were received and signed for by Geronni Bell (SEE EXHIBIT A). Judge Scott L. Cooglar had announced his retirement while the 2255 was pending and the Petitioner sent the NOTIFICATION OF CHANGE OF ADDRESS via CERTIFIED MAIL to the DISTRICT COURT at the Northern District Court of Alabama 1729 5th Avenue North, Birmingham Alabama 35203. One had a tracking number of 7021-2720-0001-9031-6830 and the other a tracking number of 7021-2720-0001-9031-6847 (SEE EXHIBIT A, ATTACHMENT). I'm including them both not only because it shows my intent to maintain correspondence with the court about my cases but as they were sent the same day, it's difficult to be sure which one went to Judge Cooglar and which one to Judge Haikala. The Petitioner has also sent subsequent mailings to the Northern District Court to the Chief Judge David Proctor as well as Judge Liles C. Burke from Pensacola Prison Camp. The Petitioner most recently sent evidence to the Clerk of the Court Greer M. Lynch on Monday morning March 24th, 2025, to support the 2255 claims. The actions of the Petitioner have demonstrated a proactive approach to avoid possible time delays and allow the Government and Court to begin reviewing the compelling evidence. It would appear that the Court was unaware that the Petitioner had not received an Order to produce the evidence and that the District Court did not intend to abuse its discretion.

In the Order received March 25th, 2025, at approximately 8PM it states:

*The government also noted that at one point, the docket reflected that the Petitioner was housed at the BOP facility in Talladega. However, the BOP website indicated that he was currently housed at a facility in Pensacola FL. The court previously noted these multiple addresses and ordered the Petitioner on Feb 13th, 2025, to provide the Court with a current mailing address by March 15th, 2025. The Court mailed that order, as well as copies of all previous orders in the case, to the Petitioner at both Talladega were both returned undeliverable, but the orders sent to Pensacola facility were not. Thus, the court <u>presumes</u> the Petitioner received these orders.*

This is an error, which I need to correct, the Petitioner did not receive any order from the court to submit evidence. The Petitioner has also sent several notifications to the court of his address change. Please advise me if the court did not receive them as they were received and signed for with USPS. (SEE EXHIBIT A)

It is within the sound discretion of the district court" whether to grant a Rule 60(b) Motion. Under Rule 60(b)(1), a movant may seek relief from a final judgement showing "excusable neglect". To determine whether a movant's neglect is excusable a court is required to engage in an equitable inquiry into "the particular circumstances of the case," Conn. State Dental Ass'n, 591 F.3d at 1355 (citing Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)), (2013 U.S. App. LEXIS 6) and must consider its analysis (1) "the danger of prejudice to the opposing party, (2) "the length of delay and its potential impact on the judicial proceedings, (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." Cheney, 71 F.3d at 850.

The Petitioner never received service of the Court Order Notification to Produce Evidence and this is the reason for the delay. The Petitioner has acted in good faith and had no reasonable control over the ability to respond and the recent outcome of the Court's recent Order to Dismiss.

CERTIFICATE OF NOTICE OF SERVICE

JUDGE OF THE DISTRICT COURT OF ALABAMA, HONORARY JUDGE LILES C. BURKE UNITED STATES DISTRICT COURT NORTHERN DISTRICT ALABAMA

Because this MOTION is submitted Pro Se it is requested that it be liberally construed in accordance with Haines v. Kerner, 404U.S.C. 519, 529, (1972), and hold Mr. Hornbuckle to less stringent, in standard, than formal pleadings drafted by lawyers. Wherefore the reasons stated, Mr. Hornbuckle amicably PRAY that this Honorable Court GRANT the MOTION as submitted.

CERTIFICATE OF SERVICE

I, John Scott Hornbuckle, certify that on __27th March__ 2025, by mail this submission and any exhibits attached were sent to the Clerk of Court's Office to be docketed and by this said office, made electronically available to all attorneys or record including the United States Attorney of the Northern District of Alabama as well as the Honorable Attorney General of The United States of America.

Respectfully Submitted,

_/s/ John S. Hornbuckle_

John Scott Hornbuckle
Register Number 96094-509
Pensacola FPC
P.O. Box 3949
Pensacola, FL 32516

# EXHIBIT A

Attention:

Judge L. Scott Cooglar

**UNITED STATES DISTRICT JUDGE**

Criminal Case Number 5:22-CR-078-LSC-NAD

Notification Letter;

Hello and I hope this letter finds you well. Please accept this notification from John Hornbuckle Inmate # 96094-509, to confirm that I have been designated to be transferred from the Talladega Camp to the Pensacola Camp to complete my RDAP Program. This notification is to confirm that my new mailing address for DISTRICT COURT CASE PROCEEDINGS will be Pensacola FPC PO Box 3949 Pensacola, Florida 32516.

Please make any needed adjustments to my file and thank you in advance for your time.

Respectfully,
John Hornbuckle



John Hornbuckle #96094-509
Federal Prison Camp
P.O. Box 3949
Pensacola, FL. 32516

CERTIFIED MAIL

9589 0710 5270 2298 4206 73

RETURN RECEIPT REQUESTED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF
OFFICE OF THE CLERK Rm
Greer M. Lynch clerk
~~1729~~
1720