UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **JOHN HORNBUCKLE** )<br> )<br>Petitioner, )<br> )<br>v. )<br> )<br>**UNITED STATES OF AMERICA,** )<br> )<br>Respondent. ) | Case No.: 5:24-cv-8006-LCB |

## ORDER

On November 3, 2022, John Hornbuckle pleaded guilty to two counts of conspiracy involving healthcare fraud and was later sentenced to a total term of 80 months' imprisonment. *See United States v. Hornbuckle*, Case No. 5:22-cr-0078-LCB-NAD. Currently before the Court is Hornbuckle's Motion to Vacate, Set Aside, or Correct [his] Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). In the petition, Hornbuckle asks the Court to vacate his sentence and dismiss the charges against him based, among other things, on allegations that he received ineffective assistance of counsel and that his guilty plea was coerced. *Id.* at 37. In response, the Government asserted that it could not meaningfully respond unless Hornbuckle produced certain evidence that he referenced in his petition. (Doc. 4). The Court granted that motion and ordered Hornbuckle to produce the evidence by March 10, 2025. (Doc. 5).

After learning that a previous order mailed to Hornbuckle at FCI Talladega—the facility where he was housed when he filed his petition—was returned as undeliverable (Doc. 6), the Court ordered him to provide his current mailing address by March 15, 2025. (Doc. 7). Because the Court was uncertain about Hornbuckle's current place of incarceration, it mailed that order to both FCI Talladega and FCI Pensacola[1]. On March 17, 2025, the order that was mailed to Talladega FCI was returned as undeliverable. The order sent to the Pensacola facility was not returned, thus the Court presumed Hornbuckle received it. Given that Hornbuckle failed to comply with the Court's order to provide his current address, as well as the prior order to produce evidence to the Government—which was not returned as undeliverable—the Court dismissed his case without prejudice for failure to prosecute on March 18, 2025. (Doc. 9).

On March 24, 2025, the Court received from Hornbuckle a response to the order to provide his current address in which he stated that he was presently housed at a Bureau of Prisons camp in Pensacola, Florida. (Doc. 10). The next day, the Court received a notice that Hornbuckle submitted the evidence referenced in the February 7, 2025, order. (Doc. 11).

On April 7, 2025, Hornbuckle filed a motion to vacate the order dismissing in case. (Doc. 12). In it, he asserted that he never received the February 7, 2025

---

[1] The Bureau of Prisons website indicated that Hornbuckle was housed at the Pensacola facility.

order to produce evidence. However, he said, he submitted the evidence of his own volition in order to be proactive. He also alleged that he did not receive the order dismissing his case until March 25, 2025. Hornbuckle attached evidence showing that he mailed two copies of a change-of-address notice to the Court, both of which were received on September 24, 2024. (Doc. 12 at 5-7). The Court notes that the change-of-address notice referenced Hornbuckle's criminal case number, rather than the case number for the present § 2255 action. Accordingly, the Clerk docketed that notice in the criminal case. *See United States v. Hornbuckle*, Case No. 5:22-cr-0078-LCB-NAD at (Doc. 48). It appears that the second notice was docketed in a separate civil case in which Hornbuckle is a defendant.

In sum, Hornbuckle has alleged that he sent the Court a notice of his correct address prior to its order of February 7, 2025—albeit bearing the wrong case number—and that he never received the order directing him to produce evidence. Based on those assertions, Hornbuckle moves for relief under Fed. R. Civ. P. 60(b)(1) which provides that, "on just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for," among other things, "mistake, inadvertence, surprise, or excusable neglect." Given the confusion surrounding Hornbuckle's address, his apparent diligence in communicating with the Court, and his assertion that he never received the order

3

directing him to submit evidence, the Court **GRANTS** his Rule 60(b)(1) motion (Doc. 12) and **VACATES** the dismissal order entered March 18, 2025. (Doc. 9).

The Clerk is **DIRECTED** to send the Petitioner a copy of this order at the address indicated in his March 24, 2025 response (Doc. 10) and return this action to the active docket. The Government's response to Hornbuckle's petition is due 21 days after the date of this order or 21 days after the date on which it receives the evidence Hornbuckle produced, whichever is later.

**DONE** and **ORDERED** April 10, 2025.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE