# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ALABAMA

# NORTHEASTERN DIVISION

FILED
19 A 10: 42
U.S. DISTRICT COURT
N.D. OF ALABAMA

**JOHN HORNBUCKLE**
*Movant,*

v.

**UNITED STATES OF AMERICA,**
*Respondent.*

Case: 5:22-CR-0078-LSC

Case: 5:24-CV-08006-LCB

Case: 5:17-CV-0462-MHH

## MOTION FOR RELEASE PENDING RESOLUTION OF § 2255 MOTION

COMES NOW Movant JOHN HORNBUCKLE, proceeding pro se, and respectfully moves this Honorable Court to GRANT his immediate release pending final disposition of his motion under 28 U.S.C. § 2255. In support, he states the following:

### I. INTRODUCTION AND LEGAL STANDARD

A District Court has inherent authority to release a habeas petitioner on bail where there exists: (1) a substantial constitutional claim, and (2) extraordinary circumstances justifying relief. *See United States v. Mett*, 41 F.3d 1281, 1282 n.2 (9th Cir. 1994); *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992); *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (Douglas, J., in chambers).

Where liberty is unlawfully restrained and delay results in further irreparable harm, the Court has the equitable discretion to prevent injustice by granting release during the pendency of post-conviction review. The standard requires a showing that the constitutional claims are not frivolous and that exceptional circumstances make release appropriate.

## II. SUBSTANTIAL CONSTITUTIONAL CLAIMS

Movant's pending § 2255 Motion presents compelling constitutional violations supported by documented evidence that create a strong likelihood of success on the merits:

### A. Ineffective Assistance of Counsel (Sixth Amendment)

Movant's defense counsel rendered constitutionally deficient performance that prejudiced the outcome, including:

1. **Documented Coercive Threats**: Audio recordings establish that defense counsel Maxwell Pulliam threatened Movant would "end up in the G\*\*damn river" if he proceeded to trial, creating a coercive atmosphere that undermined meaningful representation.
2. **Abandonment of Defense Preparation**: Despite initially acknowledging the case's defensibility and Movant's innocence, counsel failed to interview key witnesses, investigate exculpatory evidence, or prepare for trial.
3. **Failure to Challenge Judicial Bias**: Despite acknowledging that "the fix was in, politically" with the presiding judge, counsel failed to seek recusal or file appropriate motions to ensure an impartial tribunal.

4. **Failure to Seek Continuance:** When co-counsel Joshua Lowther joined the case days before trial, neither attorney sought a continuance necessary for adequate preparation.

## B. Prosecutorial Misconduct

The government's conduct violated due process through:

1. **Criminal Impersonation:** Assistant U.S. Attorney Ward criminally impersonated a Certified Registered Nurse Anesthetist (CRNA) during investigation, violating 18 U.S.C. §§ 912, 913, and 1347.

2. **Presentation of False Testimony:** The prosecution presented false testimony that Movant "billed medical claims" when they knew this assertion was factually incorrect.

3. **Brady Violations:** Suppression of exculpatory evidence, including the fact that Movant's Professional Services Agreement was reviewed and approved by Alabama Attorney General Luther Strange.

4. **Subornation of Perjury:** FBI agents provided materially false testimony at sentencing without objection from counsel, resulting in an enhanced sentence.

## C. Selective Prosecution (Equal Protection)

Similarly situated individuals, specifically Chris McCutcheon, received civil settlements for identical conduct while Movant faced criminal prosecution. Charging decisions were

based on political connections and McCutcheon's fraudulent Qui Tam filing rather than legal merit, violating equal protection principles.

### D. Due Process Violations

1. **Judicial Bias:** Evidence establishes the presiding judge had predetermined Movant's guilt and made threatening statements designed to coerce a plea.
2. **Misapplication of Law:** The government improperly applied healthcare fraud statutes to Nerve Conduction and Somatosensory Evoked Potential Diagnostics, which are not designated healthcare services subject to anti-kickback laws under 42 U.S.C. § 1395nn(b)(1) and (2)(A)(i).

These constitutional violations are supported by audio recordings (Docs. #11 and #17), email communications, and documented evidence of prosecutorial awareness of criminal conduct by government attorneys.

### III. EXTRAORDINARY CIRCUMSTANCES

Movant satisfies the "extraordinary circumstances" requirement based on documented evidence of systematic prosecutorial misconduct and constitutional violations:

### A. Unprecedented Scope of Constitutional Violations

Movant remains incarcerated under a sentence obtained through documented prosecutorial criminal conduct, including federal agents impersonating medical professionals and presenting perjured testimony at sentencing. The breadth and severity of these violations exceed typical post-conviction claims.

### B. Documented Coercion and Threats

Audio recordings establish a pattern of coercive conduct by both defense counsel and judicial officers designed to eliminate Movant's right to trial. Defense counsel's threats that Movant would "end up in the G**damn river" combined with assertions that "the fix was in, politically" created extraordinary duress that undermined the voluntary nature of any plea.

### C. Systematic Corruption and Collusion

Evidence demonstrates coordination between prosecutors, defense counsel, and judicial officers to deny Movant due process. This includes:

- Ex parte communications regarding evidence
- Judicial predetermination of guilt based on evidence from unrelated cases
- Defense counsel's acknowledged collusion with prosecution

### D. Fraudulent Qui Tam as Prosecution Vehicle

The underlying prosecution was initiated through a fraudulent False Claims Act Qui Tam orchestrated by Chris McCutcheon and his attorney Bartley Loftin as a "cover-up method to prosecute and financial bounty to completely destroy their targets," demonstrating selective prosecution based on improper motives.

### E. No Flight Risk or Danger to Community

Movant presents no flight risk or danger to the community, has a history of institutional compliance, and has deep community ties.

### F. Facility Closure and Ongoing Harm

The facility housing Movant is closing due to poor building conditions, and each day of continued incarceration under a conviction obtained through documented criminal conduct causes irreparable harm that cannot be remedied through future proceedings.

## G. Pattern of Official Retirements

The unusual pattern of key officials retiring or stepping down after Movant's conviction—including U.S. Attorney Jay Town, Speaker of the House Chester "Mac" McCutcheon, and District Court Judge Scott Coogler—suggests awareness of improprieties that warrant immediate review.

## IV. BALANCING OF INTERESTS

The balance of interests strongly favors release:

**Movant's Interests**: Constitutional right to liberty, prevention of ongoing irreparable harm from unlawful imprisonment, and preservation of family relationships during resolution of substantial constitutional claims.

**Government's Interests**: While the government has an interest in ensuring appearance for proceedings, Movant poses no flight risk and has demonstrated consistent compliance with legal obligations throughout this matter.

**Public Interest**: The integrity of the judicial system requires prompt correction of constitutional violations. Continued incarceration based on a conviction obtained through documented prosecutorial misconduct undermines public confidence in the administration of justice.

## V. CONCLUSION AND PRAYER FOR RELIEF

The documented evidence establishes both substantial constitutional claims and extraordinary circumstances that not only justify release but demand immediate remedial action to preserve the integrity of the judicial process. The convergence of ineffective assistance of counsel, prosecutorial misconduct, judicial bias, and selective prosecution creates a compelling case for relief pending resolution of the underlying § 2255 motion.

WHEREFORE, Movant respectfully requests that this Honorable Court:

1. **GRANT** immediate release pending final resolution of the § 2255 Motion;
2. In the alternative, **SCHEDULE** a hearing to set appropriate conditions of release; and
3. **GRANT** such other and further relief as may be just and proper.

## SERVICE

This motion is being served on the United States Attorney General Pamela Bondi, at the U.S. Department of Justice 950 Pennsylvania Avenue NW Washington D.C. 20530. This motion is also being served on the United States Attorney PRIM F. ESCALONA, Assistant U.S. Attorney J.B. Ward, at the U.S. Department of Justice for the Northern District of Alabama 1801 Fourth Avenue North Birmingham Alabama 35203-2101, and the Clerk of Court, Greer M. Lynch.

## CERTIFICATION

I hereby certify that a copy of this motion was served on the Clerk of Court, Greer M. Lynch, US DISTRICT COURT for the NORTHERN DISTRICT of ALABAMA, the United States Attorney General Pamela Bondi, at the U.S. Department of Justice, and the United States Attorney Prim F. Escalona, Assistant U.S. Attorney J.B. Ward, at the U.S. Department of Justice for the Northern District of Alabama.

## CERTIFICATE OF NOTICE OF SERVICE

JUDGE OF THE DISTRICT COURT OF ALABAMA, HONORARY LILES C. BURKE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA, NORTHEASTERN DIVISION

Because this MOTION is submitted Pro Se it is requested that it be liberally construed in accordance with Haines v. Kerner, 404U.S.C. 519, 529, (1972), and hold Mr. Hornbuckle to less stringent, in standard, than formal pleadings drafted by lawyers. Wherefore the reasons stated, Mr. Hornbuckle amicably PRAY that this Honorable Court GRANT the MOTION as submitted.

## CERTIFICATE OF SERVICE

I, John Scott Hornbuckle, certify that on _16th August_ 2025, by mail this submission and any exhibits attached were sent to the Clerk of Court's Office to be docketed and by this said office, made electronically available to all attorneys or record including the United States Attorney of the Northern District of Alabama as well as the Honorable Attorney General of The United States of America.

Respectfully Submitted,

_/s/ John S. Hornbuckle_

John Scott Hornbuckle
Register Number 96094-509
Pensacola FPC
P.O. Box 3949
Pensacola, FL 32516



Sara D. Kennedy
Comm.: HH 419256
Expires: Jul. 10, 2027
Notary Public - State of Florida

John Hornbuckle
# 96094-509
FPC
P.O. Box 3949
Pensacola, FL. 32516


CERTIFIED MAIL
9589 0710 5270 2298 4221 58

UNITED STATES DIST
NORTHERN DISTRICT OF
ATTN: Greer M. Lynch
   Clerk of Court  Rm 140
Honorable Judge Liles C.

1729 5th Avenue North
Birmingham, AL 35203-2040